UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE


**the FARM inc., et al.**

    **v.**                                     Case No. 09-cv-165-PB

**Private Jet Services Group, Inc.
et al.**


### O R D E R

    The Farm, inc. and Hidden Champions ("Plaintiffs") have moved to remand this action to state court. Defendant Private Jet Services Group, Inc. ("Private Jet") argues in response that the case was properly removed because the Montreal Convention completely preempted Plaintiffs' state law claims.[1]

    I agree with Plaintiffs that the case must be remanded. As the First Circuit explained in <u>Fayard v. Ne. Vehicle Servs., LLC</u>, "[t]he Supreme Court decisions finding complete preemption share a common denominator: exclusive federal regulation of the subject matter of the asserted state claim . . . coupled with a federal

---

[1] Private Jet also argues that certain of Plaintiffs' claims are preempted by other federal laws. I need not address these arguments, however, because ordinary preemption does not provide a basis for removal. <u>Fayard v. Ne. Vehicle Servs., LLC</u>, 533 F.3d 42, 45 (1st Cir. 2008).

cause of action for wrongs of the same type. . . ." 533 F.3d 42, 46 (1st Cir. 2008) (internal citations omitted). Applying this standard in this case, I determine that Plaintiffs' claims are not completely preempted because the subject matter of Plaintiffs' claims are not covered by the Montreal Convention.

Plaintiffs' reply memorandum clearly demonstrates that its claims are for non-performance rather than mere delay. Accordingly, they are not within the preemptive scope of the Montreal Convention, whose only potentially relevant provision addresses delay claims rather than non-performance claims. See Wolgel v. Mexicana Airlines, 821 F.2d 442, 445 (7th Cir. 1987) (construing identical provision in Warsaw Convention); Kamanou-Goune v. Swiss Int'l Airlines, 2009 WL 874600, at *4 (S.D.N.Y. Mar. 27, 2009).

Plaintiffs' motion to remand (Doc. No. 8) is granted to the extent that it is consistent with this Order.[2] All other pending motions are denied without prejudice. The case shall be remanded to state court.

---

[2] I decline to award attorney's fees because the governing law is unclear and, as a result, Private Jet had an objectively reasonable basis for believing that the case could properly be remanded.

```
     SO ORDERED.


                                    /s/Paul Barbadoro
                                    Paul Barbadoro
                                    United States District Judge

August 13, 2009

cc:  James F. Ogorchock, Esq.
     Gordon MacDonald, Esq.
     Holly J. Kilibarda, Esq.
```